# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1460V
Filed: December 14, 2016
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * *
TERESA DIANNE PERDUE,              *
Administrator of the Estate of     *
ROBERT CARLYLE PERDUE, JR.,        *
Deceased,                          *
                                   *
               Petitioner,         *     Joint Stipulation on Damages;
v.                                 *     Trivalent Influenza ("Flu") Vaccine;
                                   *     Guillain-Barré Syndrome ("GBS");
SECRETARY OF HEALTH                *     Death; Special Processing Unit
AND HUMAN SERVICES,                *     ("SPU")
                                   *
               Respondent.         *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Carrol M. Ching, Lichtenstein Fishwick PLC, Roanoke, VA, for petitioner.*
*Glenn A. MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On December 3, 2015, Teresa Dianne Perdue, as Administrator of the Estate of Robert Carlyle Perdue, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner claims that Mr. Perdue's death on January 25, 2015, resulted from Guillain-Barré Syndrome ("GBS") caused by the trivalent influenza ("flu") vaccination he received on December 23, 2014. Pet. at 1; Stip., filed Dec. 14, 2016, at ¶¶ 1, 2, 4. Mr. Perdue received the vaccination in the United States. Pet. at 1; Stip. at ¶3. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Perdue's behalf as a result of his alleged injury and death. Pet. at ¶¶ 18-19; Stip. at ¶ 5. Respondent denies that the flu vaccine caused Mr. Perdue to suffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

GBS or any other injury and further denies that Mr. Perdue's death on January 25, 2015, was a sequela of a vaccine-related injury.  Stip. at ¶ 6.

Nevertheless, on December 14, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $475,000.00 in the form of a check payable to petitioner, Teresa Dianne Perdue, as Legal Representative of the Estate of Robert Carlyle Perdue, Jr., representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TERESA DIANNE PERDUE, ADMINISTRATOR OF THE ESTATE OF ROBERT CARLYLE PERDUE, JR., DECEASED, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent | No. 15-1460V (ECF) <br> Chief Special Master <br> NORA BETH DORSEY |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation on behalf of Robert Carlyle Perdue, Jr., deceased, ("Mr. Perdue"), under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for the injury and death of Mr. Perdue allegedly resulting from his receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Perdue received the flu vaccine on or about December 23, 2014.

3. The vaccine was administered within the United States.

4. Petitioner claims that Mr. Perdue's death on January 25, 2015, resulted from Guillain-Barre Syndrome ("GBS") caused by the flu vaccination he received on December 23, 2014.

Page 1 of 5

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Perdue's behalf as a result of his alleged injury and death.

6. Respondent denies that the flu vaccine caused Mr. Perdue to suffer GBS or any other injury and further denies that Mr. Perdue's death on January 25, 2015, was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $475,000.00 in the form of a check payable to petitioner, as Legal Representative of the Estate of Robert Carlyle Perdue, Jr., representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Robert Carlyle Perdue, Jr.'s estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Mr. Perdue's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as Legal Representative of the Estate of Robert Carlyle Perdue, Jr. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Legal Representative of the Estate of Robert Carlyle Perdue, Jr. upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as Legal Representative of the Estate of Robert Carlyle Perdue, Jr., deceased, and on behalf of Mr. Perdue's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Perdue resulting from, or alleged to have resulted from, the flu vaccination administered on or about December 23, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about December 3, 2015, in the United States Court of Federal Claims as petition No. 15-1460V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Perdue to suffer GBS or contributed in any way to his death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
TERESA DIANNE PERDUE

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
CARROL M. CHING, ESQ.
Lichtenstein Fishwick, PLC
101 South Jefferson St., Suite 500
Roanoke, Virginia 24011
Tel: (540) 345-5890

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 12/14/16