# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1460V**
**Filed: July 21, 2017**
UNPUBLISHED

| | |
|---|---|
| TERESA DIANNE PERDUE, Administrator of the Estate of ROBERT CARLYLE PERDUE, JR., Deceased,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Carrol M. Ching, Lichtenstein Law Group, PLC, Roanoke, VA, for petitioner.*
*Glenn A. MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 3, 2015, Teresa Dianne Perdue, as Administrator of the Estate of Robert Carlyle Perdue, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner claimed that Mr. Perdue's death on January 25, 2015, resulted from Guillain-Barré Syndrome ("GBS") caused by the trivalent influenza ("flu") vaccination he received on December 23, 2014. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters. On December 14, 2016, the undersigned issued a

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 31.)

On June 19, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 36.) Petitioner requests attorneys' fees in the amount of $36,561.40 and attorneys' costs in the amount of $2,412.54. (ECF No. 36-2 ("Exhibit B").) Petitioner also requests attorneys' fees and costs related to the probate and administration of Mr. Perdue's estate in the amount of $11,371.58.[3] (ECF No. 36-6 ("Exhibit F").) Finally, petitioner filed a signed statement pursuant to General Order #9 indicating she incurred $5,042.00 in out-of-pocket expenses. (ECF No. 36-4 ("Exhibit D").) Thus, the total amount requested is $55,387.52.

On June 26, 2017, respondent filed a response to the motion, arguing that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (ECF No. 37.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $55,387.52[4] as follows:**

**(1) A lump sum of $38,973.94, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Carrol M. Ching of the Lichtenstein Law Group, PLC; and**

[3] This work was performed by Wilson Law Firm, PLC, 4725 Garst Mill Road, Suite 3, Roanoke, VA 24018, and includes fees totaling $10,243.75, and costs totaling $1,127.83.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

**(2) A lump sum of $11,371.58, representing reimbursement for attorneys' fees and costs related to the probate and administration of the estate of Robert Carlyle Perdue, Jr., in the form of a check payable jointly to petitioner and Wilson Law Firm, PLC; and**

**(3) A lump sum of $5,042.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.